UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated,

    Plaintiff,

-vs.-

GRADUATION SOURCE, LLC, GRADUATION SOLUTIONS LP and JESSE ALEXANDER,

    Defendants.

14 CV 3232

14 CV _____

Complaint

Class Action

Jury Demanded

JUDGE ROMAN

## COMPLAINT

Plaintiff Bais Yaakov of Spring Valley, on behalf of itself and all others similarly situated, alleges as follows:

### INTRODUCTION

1. Bais Yaakov of Spring Valley ("Plaintiff") brings this action against Graduation Source, LLC ("Graduation Source"), Graduation Solutions LP ("Graduation Solutions") and Jesse Alexander ("Alexander") (Graduation Source, Graduation Solutions and Alexander are collectively referred to as "Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and N.Y. General Business Law ("GBL") § 396-aa. Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes. In addition, the TCPA and regulations promulgated pursuant to it prohibit the sending of unsolicited as well as solicited fax advertisements that do not contain properly worded opt-out notices. The New York legislature enacted GBL § 396-aa for similar purposes.

2.      Upon information and belief, Defendants have jointly and severally sent or caused to be sent out over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or services without proper opt-out notices to persons throughout the United States within the applicable limitations period for the TCPA, which is four years. As a result, Defendants are liable to Plaintiff and the proposed Classes A and B of similarly situated persons under the TCPA.

3.      Upon information and belief, Defendants have jointly and severally caused to be sent out thousands of fax advertisements for goods and/or services that were unsolicited and lacked proper opt-out notices to persons throughout New York state within the applicable limitations period for GBL §396-aa, which is three years. As a result, Defendants are liable to Plaintiff and the proposed Class C of similarly situated persons under GBL § 396-aa.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's and Class C's claims under GBL § 396-aa.

## THE PARTIES

6.      Plaintiff is a New York religious corporation, with its principal place of business at 11 Smolley Drive, Monsey, New York 10952.

7.      Upon information and belief, defendant Graduation Source is a Nevada Limited Liability Company with its principal place of business located at 200 William Street, Suite 306, Port Chester, New York 10573.

8.      Upon information and belief, defendant Graduation Soutions is a Nevada Limited Partnership with its principal place of business located at 200 William Street, Suite 306, Port Chester, New York 10573.

9.      Upon information and belief, defendant Alexander is the Vice President of Operations at Graduation Source and Graduation Solutions and resides in New York State.

## DEFENDANTS' ILLEGAL JUNK FAXES

10.     At all times relevant to this action, Plaintiff had telephone service at 845-356-3132 at its place of business at 11 Smolley Drive, Monsey, New York 10952. Plaintiff receives facsimile transmissions at this number, using a telephone facsimile machine.

11.     Upon information and belief, on or about November 5, 2013 and November 8, 2013 Defendants, jointly and severally, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (the "Fax Advertisements") advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at 11 Smolley Drive, Monsey, New York 10952. Copies of the Fax Advertisements are attached hereto as Exhibit A and are incorporated into this Complaint by reference.

12.     Plaintiff did not provide Defendants with express invitation or permission to send any fax advertisements to Plaintiff. The Fax Advertisements were wholly

unsolicited.

13. The Fax Advertisements contain a purported opt-out notice that states: "This fax was only intended to be received by those who are current customers or otherwise requested our materials. If you are not a current customer or have received this fax in error we apologize if we have inconvenienced you or your organization. If you wish to be removed from our contact list and prevent furture fax notices, simply fax this notice back and write the words FAX REMOVAL in the form area. Make sure to include the fax number to remove as well. You may also call (866) 330-1776 to remove your fax number if you prefer a phone call to a fax. Thank you for oyour business! All offers are stand alone offers that cannot be combined with any pre-existing offer. Fax Flyer CodeEBSFA-HSASD-V1. ALL OFFERS EXPIRE WITHIN 21 DAYS OF SEND DARTE UNLESS OTHERWISE SPECIFIED."

14. The purported Opt-Out Notices or lack thereof in the Fax Advertisements violate the TCPA and regulations thereunder because, among other things, they

(A) fail to state that the sender's failure to comply with an opt-out request within 30 days is unlawful; and

(B) fail to state that a recipient's opt-out request will be effective so long as that person does not, subsequent to making such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements.

15. The Opt-Out Notices or the lack thereof in the Fax Advertisements violates GBL § 396-aa because, among other things, they

(A) fail to state that a recipient may make an opt-out request by written, oral or electronic means.

16. Upon information and belief, Defendants either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisements to be sent to Plaintiff's fax machine.

17. Upon information and belief, Defendants have, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited and/or solicited* fax advertisements advertising the commercial availability or quality of property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States. Upon information and belief, those fax advertisements contained a notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisements sent to Plaintiff.

18. Upon information and belief, Defendants have, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited* fax advertisements advertising the commercial availability or quality of property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the United States. Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notices contained in the Fax Advertisements sent to Plaintiff.

19. Upon information and belief, Defendants have, from three years prior to the filing of the Complaint in this action to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of *unsolicited* fax advertisements advertising the commercial availability or quality of property, goods, or

services, to fax machines and/or computers belonging to thousands of persons in New York State. Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisements sent to Plaintiff.

20. Upon information and belief, Alexander, who is and was the Vice President of Operations at Graduation Source and Graduation Solutions during all times relevant to the instant Complaint, specifically, individually and personally directed and authorized all of the fax advertisements described above to be sent by fax, was intimately involved in the program to send these fax advertisements, including the design of the fax advertisements and authorized payment for the sending of those fax advertisements. Upon information and belief Alexander was the guiding spirit and central figure behind these fax advertisements being sent in the manner in which they were sent.

## CLASS ALLEGATIONS

21. Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

22. Plaintiff seeks to represent three classes (the "Classes") of individuals, each defined as follows:

> Class A: All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendants sent or caused to be sent at least one *solicited or unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notices in the Fax Advertisements Defendants sent or caused to be sent to Plaintiff.

6

Class B: All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendants sent or caused to be sent at least one *unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notices on the Fax Advertisements Defendants sent or caused to be sent to Plaintiff.

Class C: All persons in the State of New York to whom, from three years prior to the date of the filing of the Complaint to the present, Defendants sent or caused to be sent at least one facsimile advertisement without having obtained express invitation or permission to do so and/or that contained a notice identical or substantially similar to the Opt-Out Notice on the Fax Advertisements Defendants sent or caused to be sent to Plaintiff.

23. Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit the parties and this Court. Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including Defendants' fax and marketing records.

24. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

25. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of Class A because the claims of Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class A were sent or caused to be sent by Defendants at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notices in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff.

26. Plaintiff's claims are typical of the claims of the members of Class B because the claims of Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and the members of Class B were sent or caused to be sent by Defendants, without Plaintiff's or the Class B members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff.

27. Plaintiff's claims are typical of the claims of the members of Class C because the claims of Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class C were sent or caused to be sent by Defendants, without Plaintiff's or the Class C members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff.

28. <u>Common Questions of Fact and Law</u>: There is a well-defined community

of common questions of fact and law affecting the Plaintiff and members of the Classes.

29. The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisements violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendants' sending and/or causing to be sent such fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendants' conduct; and

(d) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

30. The questions of fact and law common to Plaintiff and Class B predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B, without Plaintiff's or the Class B members' express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the

Opt-Out Notice in the Fax Advertisement violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B such unsolicited fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendants' conduct; and

(d) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

31. The questions of fact and law common to Plaintiff and Class C predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class C, without Plaintiff's and Class C's express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services, violated GBL § 396-aa; and

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages for Defendants' conduct.

32. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Classes because its interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who are competent and experienced in litigation in

the federal courts, class action litigation, and TCPA cases.

33. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the Classes' claims. While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. The likelihood of the individual Class members' prosecuting separate claims is remote. Plaintiff is unaware of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes.

34. Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. The conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

35. <u>Injunctive Relief</u>: Defendants have acted on grounds generally applicable to the members of Classes A and B, thereby making appropriate final injunctive relief with respect to Classes A and B.

## FIRST CLAIM FOR VIOLATION OF THE TCPA

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

37. By the conduct described above, Defendants committed more than five

thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class A were either (a) unsolicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder, or (b) solicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder.

38.   Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

39.   If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class A, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR VIOLATION OF THE TCPA

40.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

41.   By the conduct described above, Defendants committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B, to wit:  the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class B were unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

42.   Plaintiff and the members of Class B are entitled to statutory damages

under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

43. If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class B, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## THIRD CLAIM FOR INJUNCTIVE RELIEF

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

45. Defendants committed thousands of violations of 47 U.S.C. § 227(b).

46. Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA and regulations thereunder.

## FOURTH CLAIM FOR VIOLATION OF GBL § 396-aa

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-33.

48. By the conduct described above, Defendants committed numerous violations of GBL § 396-aa against Plaintiff and the members of Class C, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited and/or did not contain notices satisfying the requirements of GBL § 396-aa.

49. Pursuant to GBL § 396-aa, Plaintiff and the members of Class C are entitled to statutory damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A. An order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing Aytan Y. Bellin of Bellin & Associates LLC as counsel for the Classes;

B. an award to Plaintiff and the members of Classes A and B of statutory damages in excess of $2,500,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendants' violations of that statute and the regulations promulgated thereunder;

C. if it is found that Defendants willfully and/or knowingly sent and/or caused to be sent the fax advertisements alleged to classes A and/or B, an award of three times the amount of damages described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3);

D. an injunction against Defendants prohibiting them from committing further violations of the TCPA and regulations described above;

E. an award to Plaintiff and the members of Class C of statutory damages of $100 per violation of GBL § 396-aa in an aggregate amount to be determined at trial; and

F. such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
May 2, 2014

                                             BAIS YAAKOV OF SPRING VALLEY
                                             ON BEHALF OF ITSELF AND ALL
                                             OTHERS SIMILARLY SITUATED

                                 By: _____
                                             Aytan Y. Bellin
                                             Bellin & Associates LLC
                                             85 Miles Avenue
                                             White Plains, NY 10606
                                             (914) 358-5345
                                             Fax: (212) 571-0284
                                             aytan.bellin@bellinlaw.com

# EXHIBIT A

# GraduationSource
### Achieving Made Simple
200 William Street Suite 306, Port Chester NY 10573

**4 Easy Ways to Contact Us**
Online:   www.GraduationSource.com
Phone:    (800) 352-6162
Fax:      (914) 934-5992
Email:    info@GraduationSource.com



## Attention: Graduation Coordinator
PLEASE GIVE THIS NOTICE TO THE PERSON IN CHARGE OF YOUR HIGH SCHOOL COMMENCEMENT CEREMONY

### URGENT NOTICE ABOUT YOUR UPCOMING GRADUATION CEREMONY

Today you are being contacted about your upcoming graduation ceremony. We wanted to let you know that your account was one of only a few hundred selected out of thousands of clients in our database to receive this offer. Our Pre-Order special will allow you to save today for your ceremony of tomorrow. Save big today, check out the offers to the right->



### YOUR PRE-ORDER INSTRUCTIONS ARE BELOW

*This offer is only available to the 1st 50 out of 500 Customers to Order & Pay*

- Call Us at (800) 352-6162
- Mention the Discount Code
- Provide your Shipping & Billing Info
- Estimate Your Sizes
- Receive Your Order Confirmation
- Pay For Your Order
- & Select Your Future Ship Date

**Discount Code:**
**EBSAK1113**
**$10.75**
Shiny Cap, Gown, & Tassel Set
ADD $2 for Matte Fabric
ADD $2 for Medal
ADD $.25 for Diploma
ADD $1 for Honor Cord

### REQUEST A 100% FREE GOWN SAMPLE TODAY VIA FAX!
FILL OUT SHIPPING & SAMPLE INFO BELOW - CHECK OFF THE OPTIONS YOU'D LIKE TO SEE IN YOUR KIT

**Select Your Color**
- ☐ Black  ☐ White  ☐ Silver  ☐ Red
- ☐ Maroon ☐ Sky    ☐ Orange ☐ Purple
- ☐ Pink   ☐ Emerald ☐ Forest ☐ Navy
- ☐ Gold   ☐ Royal

**Select Your Size** | **Add Some Extras->**
- ☐ Child     ☐ STOLE
- ☐ Adult     ☐ CORD
- ☐ Full-Fit  ☐ DIPLOMA COVER

| | |
|---|---|
| School Name | |
| Attention | |
| Phone # | |
| Fax # | |
| Email Address | |
| Street Address | |
| City, State, & Zip | |

 **Yes, Send me a Free Sample Today!**  $50 Value

### COMPLETE THIS FORM AND FAX TO (914) 934 - 5992

This fax was only intended to be received by those who are current customers or otherwise requested our materials. If you are not a current customer or have received this fax in error we apologize if we have inconvenienced you or your organization. If you wish to be removed from our contact list, and prevent future fax notices, simply fax this notice back and write the words FAX REMOVAL in the form area. Make sure to include the fax number to remove as well. You may also call (866) 330-1776 to remove your number if you prefer a phone call to a fax. Thank you for your business! All offers are stand alone offers that cannot be combined with any other pre-existing offer.    Fax Flyer Code: EBSFA-HSASD-V1
ALL OFFERS EXPIRE WITHIN 21 DAYS OF SEND DATE UNLESS OTHERWISE SPECIFIED

# GraduationSource
### Achieving Made Simple
200 William Street Suite 306, Port Chester NY 10573

**4 Easy Ways to Contact Us**
Online: www.GraduationSource.com
Phone: (800) 352-6162
Fax: (914) 934-5992
Email: info@GraduationSource.com



## Attention: Graduation Coordinator
PLEASE GIVE THIS NOTICE TO THE PERSON IN CHARGE OF YOUR ARRANGING HIGH SCHOOL CEREMONY

### URGENT NOTICE ABOUT YOUR UPCOMING GRADUATION CEREMONY

Today you are being contacted about your upcoming graduation ceremony. We wanted to let you know that your account was one of only a few hundred selected out of thousands of clients in our database to receive this offer. Our Pre-Order special will allow you to save today for your ceremony of tomorrow. Save big today, check out the offers to the right->

**PRE-ORDER SALE DETAILS ARE BELOW**

- Call Us at (800) 352-6162
- Mention the Discount Code
- Provide your Shipping & Billing Info
- Estimate Your Sizes
- Receive Your Order Confirmation
- Pay For Your Order
- & Select Your Future Ship Date

**OFFLINE SALE**
Fax, Phone, or Email your order to get
## $10.75
Per Shiny Cap, Gown, Tassel Set

Discount Code:
**EBSFA1113**
Discounted Add-On's Are Below

**ONLINE SALE**
Or visit our website to receive
## 25% OFF
STOCK PRODUCTS ONLINE ONLY

Discount Code:
**EBSFW1113**
PACKAGE PRICE ONLY OFFLINE

ADD $2 for Matte Fabric     ADD $2 for Honor Medal     ADD $3 for Stole     ADD $1 for Honor Cord

### REQUEST A 100% FREE GOWN SAMPLE TODAY VIA FAX!
FILL OUT SHIPPING & SAMPLE INFO BELOW - CHECK OFF THE OPTIONS YOU'D LIKE TO SEE IN YOUR KIT

☑ **Yes, Send me a Free Sample Today!**

Contact Name
School Name
Phone Number
Fax Number
Email Address
Street Address
City, State, & Zip

☐ I would like a Matte Sample, Not Shiny

**Select Your Size**
☐ Child
☐ Adult
☐ Full-Fit

**Select Your Color**
☐ Black  ☐ White  ☐ Silver  ☐ Red  ☐ Gold
☐ Maroon ☐ Sky   ☐ Orange ☐ Purple ☐ Royal
☐ Pink   ☐ Emerald ☐ Forest ☐ Navy

**Add Some Extras->**
☐ Honor Cord
☐ Honor Stole
☐ Honor Medal

This fax was only intended to be received by those who are current customers or otherwise requested our materials. If you are not a current customer or have received this fax in error we apologize if we have inconvenienced you or your organization. If you wish to be removed from our contact list, and prevent future fax notices, simply fax this notice back and write the words FAX REMOVAL in the form area. Make sure to include the fax number to remove as well. You may also call (866) 330-1776 to remove your number if you prefer a phone call to a fax. Thank you for your business! All offers are stand alone offers that cannot be combined with any other pre-existing offer.    Fax Flyer Code: EBSFK-HSMFL-V1
ALL OFFERS EXPIRE WITHIN 21 DAYS OF SEND DATE UNLESS OTHERWISE SPECIFIED