UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated,

                                                     7:14 CV 3232 (NSR)(JCM)

            Plaintiff,

    -vs.-

GRADUATION SOURCE, LLC, GRADUATION SOLUTIONS LP and JESSE ALEXANDER,

           Defendants.

## **DECLARATION OF AYTAN Y. BELLIN**

I, AYTAN Y. BELLIN, declare:

1.     I am admitted to practice before this Court and am the Managing Attorney of the law firm Bellin & Associates LLC, counsel for Bais Yaakov of Spring Valley ("Plaintiff") in this action. I submit this Declaration in opposition to Defendant's motion to dismiss.

2.     Attached hereto as Exhibit A is a copy of *Larry v. Genelex Corp.*, No. CV-2002-002003 (Ala. Cir. Dec. 21, 2009)

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of February, 2015, in White Plains, New York.

                                                    /s/ Aytan Y. Bellin
                                                        Aytan Y. Bellin

# EXHIBIT A

IN THE CIRCUIT COURT FOR MAIDSON COUNTY

<u>ALABAMA</u>

| | |
|---|---|
| JOHN LARY, M.D., d/b/a<br>Internal Medicine Clinic<br><br>Plaintiff,<br><br>v.<br><br>GENELEX CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CV-2002-002003<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

The plaintiff, John Lary, is a physician and the sole proprietor of Internal Medicine Clinic, which was the business name of his medical practice in 2002 when this lawsuit was originally filed. At the present time, Dr. Lary's medical practice is known by his name, John Lary, M.D. Dr. Lary's medical practice includes treatment of medical emergencies, and in furtherance of his treatment of medical emergencies he maintains an emergency telephone line to which he has connected a telephone facsimile machine which he uses to send and receive medical records on an emergency basis. Dr. Lary's emergency telephone facsimile line number has never been published and Dr. Lary has never given anyone at Genelex Corporation his emergency telephone number or his fax machine telephone number. Dr. Lary and Genelex did not and continue not to have any business relationship. Dr. Lary had never made any inquiry to Genelex Corporation and did not know of its existence until he received the unsolicited telephone facsimile advertisement that is the subject of this lawsuit.

This lawsuit arose when Dr. Lary received an unsolicited document that had been sent over his emergency telephone line number to his telephone facsimile machine. That document advertised the commercial availability of defendant's, Genelex

Obtained from
**TCPALAW.COM**
The leading source for TCPA legal research

Copyright © 2009-2013. No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.

Corporation's, services. Dr. Lary sued under the Telephone Consumer Protection Act, alleging that the defendant committed two willful or knowing violations of that act. First, Dr. Lary alleges willful or knowing violation of 47 U.S.C. § 227 (b)(1)(a)(i) and claims statutory damages in the amount of $1,500. Dr. Lary also alleges willful or knowing violation of 47 U.S.C. § 227 (b)(1)(C) and claims additional statutory damages in the amount of $1,500.

The court of civil appeals has remanded this case with instructions that this court apply the appellate case law to the facts of this case. The defendant, Genelex Corporation, has not answered or otherwise responded to the plaintiff's complaint. The plaintiff, therefore, is entitled to judgment under the "private right of action" found at 47 U.S.C. § 227 (b)(3). The court finds that the complaint in this action is well pleaded and states a good cause of action against the defendant, Genelex Corporation, for willful or knowing violation of 47 U.S.C. § 227 (b)(1)(a)(i) and for willful or knowing violation of 47 U.S.C. § 227 (b)(1)(C).

Congress enacted the Telephone Consumer Protection Act in response to the widespread problem of telemarketing abuse. Congress sought to protect the public from unsolicited advertisements delivered by means of facsimile machine, cellular telephone, pre-recorded voice telephone messages, and person-to-person telephone solicitations. It also sought to protect the public against telemarketers' use of their automated equipment to dial emergency telephone lines to deliver their advertising messages. In order to facilitate these protections, Congress established a private right of action that allows private citizens to sue for each such violation. Under the TCPA, a private citizen may sue for actual damages, statutory damages, or enhanced statutory damages, whichever is greater.

The TCPA establishes minimum statutory damages in the amount of $500 for each such violation. The statute provides for enhanced statutory damages of up to $1,500 for each violation if the violations are committed either "willfully" or "knowingly." The definitions of

Obtained from
**TCPALAW.COM**
The leading source for TCPA legal research

Copyright © 2009-2013. No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.

"willful" and "knowing" are well settled for violations of the TCPA. A willful or knowing violation does not require that the sender be aware that his conduct is prohibited. A willful or knowing violation merely requires that the sender intend that the telephone line number be dialed or that the facsimile be sent.

As our civil appeals court noted in Lary v. Amer. Medical Practice Services, Inc., 909 So.2d 204, 205 (Ala. Civ. App. 2005):

> "[W]hether a defendant acts knowingly in violating the TCPA pertains only to whether an enhanced penalty or damages award should be included in a judgment in favor of a plaintiff on a TCPA claim, not to whether a plaintiff is entitled to prevail." Flasch II, 909 So.2d 194 at 198 n.1 (citing Lary v. Tom Taylor Agency, 878 So.2d 1165, 1167 (Ala. Civ. App. 2003), and Lary v. Flasch Bus. Consulting, 878 So.2d 1158, 1161 n.1 (Ala. Civ. App. 2003) ("Flasch I").

The court finds that the plaintiff, John Lary, is entitled to have judgment against the defendant, Genelex Corporation, in the enhanced statutory amount of one thousand five hundred dollars ($1,500) for its willful or knowing violation of 47 U.S.C. § 227(b)(1)(a)(i) plus judgment against the defendant, Genelex Corporation, in the enhanced statutory amount of one thousand five hundred dollars ($1,500) for its willful or knowing violation of 47 U.S.C. § 227(b)(1)(C), for a total judgment in the amount of three thousand dollars ($3,000). The court also finds that the plaintiff is entitled to be awarded pre-judgment interest at the statutory rate of 6 percent per annum from the date of the violations to the date of judgment.

It is hereby ORDERED, ADJUDGED, and DECREED that the plaintiff, John Lary, d/b/a Internal Medicine Clinic (a sole proprietorship) have judgment against the defendant, Genelex Corporation, in the amount of three thousand dollars ($3,000.00), plus pre-judgment

Obtained from **TCPALAW.COM**
The leading source for TCPA legal research

Copyright © 2009-2013. No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.

interest from the date of defendant's violations, which occurred on March 28, 2001, at the statutory rate of 6 percentum per annum, plus costs. Pre-judgment interests amounts to one thousand five hundred sixty dollars ($1,560), bringing the total amount awarded to the plaintiff to four thousand five hundred sixty dollars ($4,560), plus costs.

Done this 21st day of December, 2009.

Circuit Court Judge

distribution:

John Lary

Genelex Corporation

Obtained from
TCPALAW.COM
The leading source for TCPA legal research

Copyright © 2009-2013. No claim to text of U.S. Government works. This file is property of TCPALaw.com. Acquisition and use of this document is subject to subscriber agreement. All rights reserved. Contact subscriptions@TCPALaw.com for more information.