UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BAIS YAAKOV OF SPRING VALLEY, on
behalf of itself and all others similarly situated,

               Plaintiff,                      14-cv-3232 (NSR)
   -against-                                  OPINION & ORDER

GRADUATION SOURCE, LLC, GRADUATION
SOLUTIONS, LP and JESSE ALEXANDER,

               Defendants.
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

Before the Court is Defendants' motion to stay this matter pending the United States Supreme Court's decision in *Campbell-Ewald Company v. Gomez*. For the foregoing reasons, Defendants' motion is DENIED without prejudice.

## STANDARD

It is well-settled that a district court has the discretion to stay proceedings, as "the power to stay . . . is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) ("the decision whether to issue a stay is 'firmly within a district court's discretion.'") (quoting *Am. Shipping Line v. Massan Shipping,* 885 F.Supp. 499, 502 (S.D.N.Y. 1995)). Courts may issue a stay for myriad reasons. "For example, a court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala*, 399 F. Supp. 2d at 427 (citing *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857,

ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/2015

863-64 (9th Cir. 1979) (case remanded so district court could determine whether lawsuit should be stayed pending arbitration); *Goldstein v. Time Warner N.Y. City Cable Group,* 3 F. Supp. 2d 423, 438 (S.D.N.Y. 1998) (citing *Leyva*)).  "Other situations favoring a stay include those where a higher court is close to settling an issue of law bearing on the action." *Id.* (citing *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977)).

To determine whether a stay is appropriate, courts within the Second Circuit have applied the *Kappel* factors, a five-factor test that examines:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *Finn v. Barney*, No. 08–CV–2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008)); *LaSala*, 399 F. Supp. 2d at 427 (noting the origin of the *Kappel* factors from *Kappel v. Comfort*).  Ultimately, the basic goal of the test is to avoid prejudice.  *Id.* at 427; *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

## DISCUSSION

In *Campbell-Ewald Company v. Gomez* ("*Campbell-Ewald*"), which, like this case, concerns alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on behalf of a putative class, the Supreme Court "is slated to address (1) whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim; and (2) whether the answer to the first question is any different when the plaintiff has asserted putative class claims and receives an offer of complete relief before any class is certified." *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. &*

*Annuity Corp.*, No. CV 15-04767-AB (JCX), 2015 WL 6579779, at *1 (C.D. Cal. Oct. 19, 2015). Defendants contend that these questions are likely dispositive of the issues in this case, thus warranting a stay pending their resolution, because Defendants made an offer of complete relief to Plaintiff that Plaintiff did not accept.  Plaintiff, on the other hand, argues that Defendants did not make an offer of judgment for *complete* relief, making the Supreme Court's decision, whatever it may be, a nullity.  Therefore, as a threshold matter, the Court must decide whether Defendants' offer of judgment accords Plaintiff complete relief, and thus involves the issues before the Supreme Court, before determining whether a stay is warranted.

Plaintiff's complaint purportedly alleges three violations of the TCPA arising from Defendants' failure to include a proper opt-out notice on advertisements that it sent by fax to the Plaintiff (the "Fax Advertisements").  (*See* Pl.'s Opp. to Mot. to Stay, Docket No. 51 ("Pl.'s Opp."), at 5-6.)  Specifically, Plaintiff alleges that the Fax Advertisements failed to state that: (1) "the sender's failure to comply with an opt-out request within 30 days is unlawful," and (2) "a recipient's opt-out request will be effective so long as that person does not, subsequent to making such a request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements." (Compl. ¶ 14.)  Plaintiff also purportedly asserts a separate, overarching violation of the TCPA for the "overall failure of the fax advertisements to contain a proper opt-out notice."  (Pl.'s Opp., at 6.)

Taking Plaintiff's allegations at face value, and in accordance with its arguments in opposition to the instant motion, Plaintiff would be entitled to $1,500 per Fax Advertisement ($500 per violation according to statute, multiplied by three purported violations per fax).  *See* 47 U.S.C. § 227 (b)(3)(B).  Further, Plaintiff alleges that treble damages would be warranted here for Defendants' willful and knowing violation of the statute, raising the recovery per Fax

3

Advertisement to $4,500.  (Compl. ¶ 39; Pl.'s Opp., at 6.)  Thus, Plaintiff argues that under the TCPA it would be entitled to $9,000 in statutory damages, which is significantly greater than the $3,200 offered by Defendants for the two Fax Advertisements.[1]  (Pl.'s Opp., at 6.)  Defendants' offer of judgment, however, contemplates payment for only one violation per Fax Advertisement as complete relief, tripled for willful or knowing violations, for a total of $3,000 ($500 per violation, tripled, for a total of $1,500 per fax).

Our sister court in Connecticut confronted a similar issue of disagreement between parties in a TCPA case concerning the number of violations for which Plaintiffs were entitled to recover.  *See Kaye v. Amicus Mediation & Arbitration Grp., Inc.*, 300 F.R.D. 67, 71 (D. Conn. 2014) *reconsideration denied*, No. 3:13-CV-347 JCH, 2014 WL 5092876 (D. Conn. Oct. 10, 2014).  In *Kaye*, Defendants made an offer of judgment for a single violation for each fax at issue, which Defendants believed exceeded the maximum available recovery under the TCPA.  Plaintiffs disagreed, arguing "that each fax violated eleven different statutory and regulatory requirements of the TCPA." *Id.* at 75.  The Court explained that:

> [w]hile defendants may well prevail in their view of the law, this dispute as to whether multiple statutory damages awards can be recovered for a single fax's multiple TCPA violations goes to the merits of plaintiffs' individual claims and the corresponding amount that would be necessary to satisfy these claims.  Success on the merits of these claims is not a jurisdictional fact to be found by the court in order to decide the instant Rule 12(b)(1) Motion. (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.") and citing *Chafin v. Chafin*, —U.S. —
—, 133 S.Ct. 1017, 1024, 185 L.Ed.2d 1 (2013) ("[Plaintiff's] prospects of success are ... not pertinent to the mootness inquiry."))

*Id.*  Finally, the Court recognized that no matter how "reasonable [defendants' offer] was or proves to have been, the disparity between its terms and the individual recovery sought by

---

[1] Plaintiff does not appear to challenge that Defendants' offer of judgment provided complete relief on the related New York General Business Law § 396-aa claims.  Accordingly, the Court will not review those claims here.

plaintiffs precludes a finding of mootness." *Id.* (citing *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 568 (6th Cir. 2013)).

This Court agrees with the reasoning outlined in *Kaye*. In light of the difference between Defendants' offer of judgment and the damages sought by Plaintiff, even if the Supreme Court holds that a complete offer of relief moots a TCPA case, this Court could not make such a finding based on the presently incomplete offer of judgment made by Defendants.

Although a number of other district courts have stayed similar TCPA matters pending the outcome of *Campbell-Ewald*, *see Eric B. Fromer Chiropractic, Inc.*, 2015 WL 6579779, at *2 (collecting cases), this case is readily distinguishable in light of Plaintiff's contention that Defendants did not offer Plaintiff complete relief. Although many of the *Kappel* factors would likely weigh in favor of a stay had Defendants made a complete offer of judgment – here, purportedly $9,000 according to Plaintiff – absent such an offer, the outcome of *Campbell-Ewald* will likely have no bearing on this matter, and the Court sees no reason to await the Supreme Court's decision.

The Court notes, however, that although Plaintiff did not accept Defendants' offer of judgment, Defendants are not precluded from making further offers in accordance with Rule 68 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 68(b) ("An unaccepted offer is considered withdrawn, but it does not preclude a later offer.") Because the Supreme Court's decision in *Campbell-Ewald* could affect the outcome of this matter should Defendants choose to make a new offer of judgment, the Court denies Defendants' motion without prejudice to renewal.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to stay is DENIED without prejudice.

The Court respectfully directs the Clerk to terminate the motion at ECF No. 54.

Dated: December 14th, 2015  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge