UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
BAIS YAAKOV OF SPRING VALLEY,

                          Plaintiff,

       v.

GRADUATION SOURCE, LLC; GRADUATION
SOLUTIONS LP, AND JESSE ALEXANDER,

                         Defendants.

-----------------------------------------------------------------

**OFFER OF JUDGMENT**

Case No. 7:14-cv-03232 (NSR)

To:    Bais Yaakov of Spring Valley

        c/o Aytan Y. Bellin, Esq.
        Bellin & Associates LLC
        85 Miles Avenue
        White Plains, New York 10606
        Tel.: (914) 358-5345
        Fax: (212) 571-0284
        *Attorneys for Plaintiff*

      **COME NOW**, Defendants Graduation Source, LLC, Graduation Solutions LP and Jesse Alexander, the defendants in this action ("Defendants"), to offer to allow judgment to be entered in favor of Plaintiff Bais Yaakov of Spring Valley ("Plaintiff") on the following terms to resolve all claims asserted against Defendants in the above-captioned lawsuit:

1) Defendants shall pay the Plaintiff a total of one thousand five hundred dollars ($1500.00) for each of the two faxes annexed to Plaintiff's Complaint as Exhibit A (the "Two Faxes") for a total of three thousand two hundred dollars and no cents ($3000.00) for the Two Faxes. The $1500.00 represents the maximum recovery permitted by statute, five hundred dollars ($500.00), for each of the two specific alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the

"TCPA") and an additional five hundred dollars ($500.00) for the "separate, overarching violation of the TCPA for the 'overall failure of the fax advertisements to contact a proper opt-out notice" alleged by Plaintiff for each of the Two Faxes. (See Opinion & Order of the Honorable Nelson S. Román, filed December 14, 2015 as ECF Doc. 58 in the above-captioned case, the "Decision & Order"), p. 3 (citing Pl.'s Opp. at 6.); see also Pl. Complaint, dated May 5, 2014, ¶ 14, and Request for Relief, ¶¶ B-C.)

2) Additionally, since Plaintiff alleges that treble damages would be warranted here for Defendants' willful and knowing violation of the statute, the total of three thousand dollars for the Two Faxes shall be multiplied by three for a total offer of nine thousand dollars ($9000.00) for the Two Faxes pursuant to the TCPA. (See Decision & Order, pp. 3-4; Pl. Compl., Request for Relief, ¶ C.)

3) Defendants shall also pay to Plaintiff one hundred dollars ($100.00), which is the maximum amount Plaintiff could be awarded for a violation of N.Y. General Business Law ("G.B.L.") § 396-aa(1) without proving actual damages in excess of one hundred dollars ($100.00) for each of the Two Faxes, or a total of two hundred dollars ($200.00). Defendants are assuming, for present purposes only, that damages could be recovered under the New York statute in addition to any damages that might be awarded under the TCPA; Defendants do not believe that such a duplicative recovery would be allowed if the case proceeded to trial and Plaintiff actually prevailed on its claims;

4) Defendants shall pay Plaintiff four thousand one hundred dollars ($4100.00) for each additional facsimile, if any, that Plaintiff was sent by Defendants or any of its agents

that is the same or similar to the Two Faxes at any time during the four-year period preceding the date Plaintiff filed the above-captioned lawsuit.

5) If, however, Plaintiff incurred an actual monetary loss in excess of four thousand one hundred dollars ($4100.00) as a result of being sent the Two Faxes, Defendants shall pay Plaintiff three times the amount of its actual monetary loss caused by each such Fax, plus an additional amount equal to the Plaintiff's actual damages caused by each such Fax to reflect the maximum amounts recoverable under the TCPA and N.Y. G.B.L. § 396-aa(1). Defendants are again assuming, for present purposes only, that damages could be recovered under the New York statute in addition to any damages that might be awarded under the TCPA; Defendants do not believe that such a duplicative recovery would be allowed if the case proceeded to trial and Plaintiff actually prevailed on its claims;

6) In addition to the amounts specified above, Defendants shall pay Plaintiff all court costs it has accrued, as referenced in Rule 68(a), in an amount to be determined by the Court;

7) In addition to the amounts specified above, Defendants shall pay Plaintiff its reasonable attorneys' fees as if it prevailed on any of its claims asserted in the lawsuit; and

8) Defendants shall be enjoined from sending any facsimiles to Plaintiff that would violate the TCPA or state law to Plaintiff, and from otherwise communicating with Plaintiff in any manner that violates the TCPA.

This offer is made pursuant to Rule 68 of the Federal Rules of Civil Procedure in the interest of achieving a prompt and amicable resolution of Plaintiff's claims. Evidence of this offer is not admissible except in a proceeding to determine costs.

Dated: Rye, New York
       December 16, 2015

**DORF & NELSON LLP**

By:    /s/ Laura-Michelle Horgan
Jonathan B. Nelson (JN8705)
Laura-Michelle Horgan (LR7799)
The International Corporate Center
555 Theodore Fremd Avenue, Suite A300
Rye, New York 10580
Phone: (914) 381-7600
Fax: (914) 381-7608

*Attorneys for Defendants Graduation Source, LLC, Graduation Solutions LP and Jesse Alexander*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 16th day of December, 2015, a true and accurate copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Aytan Y. Bellin, Esq.
Bellin & Associates LLC
85 Miles Avenue
White Plains, New York 10606
Tel.: (914) 358-5345
Fax: (212) 571-0284
*Attorneys for Plaintiff*
*Bais Yaakov of Spring Valley*

                                                                                          ____/s/ Laura-Michelle Horgan_____