

# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

January 26, 2015

**VIA FACSIMILE (914-390-4179)**
Hon. Nelson S. Román, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

RE:    **Bais Yaakov of Spring Valley v. Graduation Source, LLC** *et al.*
       **7:14 CV 3232**

Dear Judge Román:

We represent Defendants Graduation Source LLC, Graduation Solutions LP (together referred to as "Graduation Source") and Jesse Alexander ("Alexander") (collectively referred to herein as "Defendants").

On January 20, 2016, the Supreme Court issued a decision in *Campbell-Ewald Co. v. Gomez*, 577 U.S. ___, 2016 WL228345 (Jan. 20, 2016) (No 14-857). The Supreme Court resolved a split amongst the District Courts as to whether an unaccepted offer of judgment made pursuant to Rule 68 of the Federal Rules of Civil Procedure prior to class certification would moot a plaintiff's case and thereby deprived the federal court of Article III jurisdiction. Although the Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," the Court provided an alternate method by which a defendant could itself dispose of individual claims of TCPA violations. Specifically, the Supreme Court stated that:

> [w]e need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

*Id.* at *8. Accordingly, in *Campbell-Ewald*, the Supreme Court made clear that courts could enter judgment in favor of a plaintiff alleging TCPA claims once a defendant paid the "full amount of the plaintiff's individual claim into an account payable to the plaintiff." (*Id.*)

Therefore, pursuant to the *Campbell-Ewald* Decision, Defendants respectfully request that the Court issue an order allowing Defendants to pay the full amount recoverable on Plaintiff Bais Yaakov of Spring Valley's ("Plaintiff") individual claims, $9200.00, into the Court's registry.

Furthermore, there can be no dispute that $9200.00 represents the full amount of damages recoverable on Plaintiff's individual claims. The only existing claims in this case are Plaintiff's individual claims, as



its motion for class certification was denied without prejudice by this Court in its Order issued on May 7, 2014. (Order, dated May 7, 2014, ECF Doc. No. 9.)

Furthermore, as set forth in this Court's Opinion & Order of December 14, 2015, Plaintiff's Complaint "purportedly alleges three violations of the TCPA arising from Defendants' failure to include a proper opt-out notice on advertisements that it sent by fax to the Plaintiff" and "argues that under the TCPA it would be entitled to $9,000 in statutory damages . . .," or $1000 per each violation of the TCPA times three pursuant to the trebled damages provision of the TCPA. (*See* Opinion & Order dated December 14, 2015, ECF Doc. No. 58; *see also* Complaint, ECF Doc. No. 1, ¶¶ 36-46.) Additionally, Plaintiff alleges two violations of the N.Y. GBL § 396-aa(1). The maximum amount of statutory damages available under the GBL is $100 per violation. (Complaint, ECF Doc. No. 1, ¶¶ 47-49.) Therefore, the total amount payable to Plaintiff on its individual claims is $9200.00.

I have been advised by the Court's Finance Unit that it could accept payment upon order of the Court. It would then put the funds into an escrow account for the benefit of Plaintiff. I have further been advised that any such payment should be made by certified check or bank check payable to "Clerk of Court, SDNY." Additionally, the Finance Unit directed that the Index No. and the beneficiary of the check be written into the memo section of the check. Accordingly, a copy of a Cashier's Check remitted by Graduation Solutions, LLC made payable to "Clerk of Court, SDNY" in the amount of $9,200.00 is enclosed for the Court's reference. As noted in the Memo portion of the check, the payment is "for the benefit of Plaintiff Bais Yaakov." Defendants stand ready to provide the check to the Court's Finance Unit for deposit into the Court's registry upon an Order from this Court.

In sum, Defendants respectfully request that the Court issue an Order directing the Court's Finance Unit to accept payment of $9200.00 into the Court's registry to be claimed by Plaintiff Bais Yaakov of Spring Valley and, upon proof of payment, the Court enter judgment in favor of Plaintiff.

Respectfully submitted,

Laura-Michelle Horgan (LR 7799)
LMH/abr

Encl.

cc:     Aytan Y. Bellin, Esq. (via facsimile 212-571-0284)



# CHASE ○

## Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned"
  if the Cashier's Check is not cashed by a certain time
    - Please cash/deposit this Cashier's Check as soon as possible to
      prevent this from occurring
    - In most cases, the funds will be considered "abandoned"
      before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
    - Stop Payment can only be placed if the Cashier's Check
      is lost, stolen, or destroyed
    - We may not re-issue or refund the funds after the stop payment has
      been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check
  or for any other information about this item

FOR YOUR PROTECTION SAVE THIS COPY    **Customer Copy**

**CASHIER'S CHECK**    9771911184

01/26/2016
Void after 7 years

**Remitter:**   GRADUATION SOLUTIONS, LLC

$** 9,200.00 **

**Pay To The Order Of:**   CLERK OF COURT, SDNY

Memo:————————————————————

Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**
## NON NEGOTIABLE

282111107 NEW 01/08 8810004306

---

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK   **CASHIER'S CHECK**   HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

# CHASE ○

9771911184   25-3
440

Date   01/26/2016   Void after 7 years

**Remitter:**   GRADUATION SOLUTIONS, LLC

**Pay To The Order Of:**   CLERK OF COURT, SDNY

**Pay:**   NINE THOUSAND TWO HUNDRED DOLLARS AND 00 CENTS   $** 9,200.00 **

Do not write outside this box

Memo: *Index NO 14-3232 for the benefit of Plaintiff Bais Yaakov*

Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**

Senior Vice President
JPMorgan Chase Bank, N.A.
Columbus, OH

Security Features Details on Back

⑊9771911184⑊ ⑊044000037⑊ 758661433⑊