# Bellin & Associates LLC
## Attorneys-at-Law
50 Main Street, Suite 1000
White Plains, New York 10606
Tel (914) 358-5345
Fax (212) 571-0284

Aytan Y. Bellin*
Anne E. Harnes†

*Also Admitted in NJ
†Also Admitted in CT

February 2, 2016

BY ECF
Hon. Nelson S. Roman, U.S.D.J.
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

    Re:    *Bais Yaakov of Spring Valley v. Graduation Source, LLC et al.*, 7:14 CV 3232 (NSR)(JCM)

Your Honor:

    I am the attorney for the Plaintiff Bais Yaakov of Spring Valley ("Plaintiff ") and the proposed classes in the above-entitled action. Yesterday, at 5:52 P.M., after business hours and in response to Plaintiff's earlier letter the same day objecting to an earlier order proposed by Defendants, Defendants submitted a newly revised order ("Second Proposed Order") for the Court's consideration. Today, as I was in the midst of preparing a response to Defendants' Second Proposed Order, this Court entered the Second Proposed Order with a slight revision at 12:48 P.M. — without giving Plaintiff a reasonable opportunity to respond to the Second Proposed Order. Plaintiff understands that the Court's Order of today requires Plaintiff to show cause within 30 days of Defendants' payment of $9,200 into the Court's Finance Unit why the Court should not enter judgment in favor of Plaintiff. By this letter, Plaintiff wishes to preserve its additional arguments against the entry of the Second Proposed Order, which Plaintiff did not have a reasonable opportunity to submit to the Court, and have the Court consider them at this time. Nothing in this letter is intended to prejudice Plaintiff's right to fully brief in a show cause motion any of the issues raised in this letter or in Plaintiff's February 1, 2016 letter to this Court or any other issues, as provided in the Court's Order of today.

    The salient difference between Defendants' previous proposed order and their Second Proposed Order is that the Second Proposed Order includes a paragraph that states as follows: "IT IS HEREBY ORDERED that Defendants shall be enjoined from sending any facsimiles to Plaintiff that would violate the TCPA or state law to Plaintiff, and from otherwise communicating with Plaintiff in any manner that violates the TCPA." For all of the reasons stated in Plaintiff's February 1, 2016 letter to the Court and for all of the reasons below, this

1

Court should have denied Defendants' latest request outright, and if not, then pursuant to Local Civil Rule 7.1, this Court should have set a full briefing schedule on Defendants' request and Second Proposed Order.

Notwithstanding Defendants' offer of injunctive relief, there is absolutely no question that Plaintiff's claim for individual injunctive relief was and is still live. That is because no injunction was in place at the time Defendants submitted their Second Proposed Order last night, and because no judgment granting that injunction has been entered. Moreover, under *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016), Defendants' request to have a judgment entered granting injunctive relief against them is merely another way to offer Plaintiff injunctive relief, which Plaintiff is free to reject. *Id.* at 670-672.[1]

Moreover, as discussed in Plaintiff's February, 2016 letter to this Court, because Plaintiff's claims for injunctive relief are still live, this Court may not enter an order or judgment against Defendant for injunctive relief until after Plaintiff has "be[en] accorded a fair opportunity to show that certification is warranted." *Campbell-Ewald*, 136 S. Ct. at 672. That means that this Court must first allow plaintiff to conduct discovery, allow Plaintiff to file a motion for class certification, and then rule on that motion before taking any steps to enter an injunction that Defendants claim would moot this case.

In addition, Defendants' Second Proposed Order — which this Court's order tracked and which prohibits Defendants "from sending any facsimiles to Plaintiff that would violate the TCPA or state law to Plaintiff, and from otherwise communicating with Plaintiff in any manner that violates the TCPA" — fails to satisfy the specificity requirement for injunctions under Fed. R. Civ. P. 65(d). *See, e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011)("[T]o comply with Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." [internal quotation marks omitted] ); *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-241 (2d Cir. 2001)(same); *Pregrine v. Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)(same). In addition, because an "obey-the-law" injunction merely mandates the Defendants to obey the laws that they are already required to obey, such an injunction is "illusory" and would not provide Plaintiff with any meaningful relief. *See Gilday v. Dubois*, 124 F.3d 277, 287 (1st Cir. 1997)(an obey-the-law injunction is "illusory [because it] stat[es] nothing beyond what was already forbidden by the law. . . ."). Accordingly, this Court was prohibited from issuing an order containing the injunction proposed by Defendants, even if the Court did have the power to enter an injunction over Plaintiff's objection at this juncture, which it did and does not.

Arguing that this Court could issue an order containing the obey-the-law injunction just because that is what Plaintiff requested in its Complaint would lack merit. First of all, Plaintiff could not have requested a more specific injunction in its prayer for relief because it did not have the benefit of any ruling by this Court regarding the specific conduct of Defendants that this Court found violated the TCPA and N.Y. GBL § 396-aa. Moreover, Fed. R. Civ. P. 54(c)

---

[1] As discussed in Plaintiff's February 1, 2016 letter to the Court, Plaintiff contends that its claim for damages is still live as well. Nevertheless, the instant letter will focus on Defendants' offer of injunctive relief in its latest proposed order.

specifically provides that, other than a default judgment, "[a] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); *Powell v. National Bd. Of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)(citing Fed. R. Civ. P. 54(c) and holding that Defendants were not prejudiced by Plaintiff's request for injunctive relief that Plaintiff had not requested in her complaint); *Ring v. Spina*, 148 F.2d 647, 653 (2d Cir. 1945) ("[A] [P]laintiff is entitled to . . . rely on the court to award him such relief as his case deserves [] and at trial he will not be bound by his prayers."). Thus, regardless of the injunctive relief Plaintiff requested in its Complaint, Plaintiff is entitled to an injunction that states with specificity exactly the type of conduct that Defendants are enjoined from engaging in. Defendants' proposed obey-the-law injunction simply does not do that.

Further, Defendants are still asserting that they did not violate the TCPA by sending the fax advertisements to the Plaintiff that are described in, and attached to the Complaint. It follows that the obey-the-law injunction that they are requesting this Court to enter over Plaintiff's objection would not even prohibit Defendants from again sending Plaintiffs the very fax advertisements that are attached to the Complaint. This is another reason why this Court should not have issued the order containing the obey-the-law injunction proposed by Defendants.

In addition, Defendants' proposed injunction — which provides injunctive relief in favor of Plaintiff only — would not even satisfy Plaintiff's request for injunctive relief even if this case were not a class action. That is because nothing in the plain meaning of the language of § 227(b)(3)(A) limits an injunction "enjoin[ing] such violation" to Plaintiff alone. Rather, § 227(b)(3)(A) merely states that the injunction can enjoin "such violation", i.e., any further violations of § 227(b)(1)(C) by a defendant. Because § 227(b)(3)(A) does not limit the entities for whose benefits such an injunction may be entered, the injunction may not be so limited. Moreover, even putting aside the TCPA's plain language, this Court has broad authority to restrain future illegal acts of a defendant against non-parties if those future illegal acts can be anticipated from defendant's past conduct. *See, e.g., U.S. v. Ward Baking Co.*, 376 U.S. 327, 331-333 (1964)(upholding the power of the district court to issue an injunction against the defendant that prohibited price fixing against persons other than the United States government, which was the only other party in the case). Accordingly, this Court should not have issued an order containing Defendants' proposed injunction.

Furthermore, even if this Court were to enter judgment in accordance with Defendants' Second Proposed Order *and* this Court were to rule that Plaintiff's individual claims would be "moot" under those circumstances, Plaintiff would still be permitted to pursue its class claims without undue delay under the "relation-back" doctrine applied by the Third, Ninth, Tenth, and Eleventh Circuits. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014), *aff'd* 136 S. Ct. 663 (2016); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704–05 (11th Cir. 2014); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). The Supreme Court left all these decisions undisturbed in *Campbell-Ewald*. 136 S. Ct. at 668.

In sum, Plaintiff respectfully requests that the Court vacate the Order it issued today. As stated above, nothing in this letter is intended to prejudice Plaintiff's right to fully brief in a show

cause motion any of the issues raised in this letter or in Plaintiff's February 1, 2016 letter to this Court or any other issues.

                                                Respectfully,

                                                <u>/s/ Aytan Y. Bellin</u>
                                                Aytan Y. Bellin