UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**BAIS YAAKOV OF SPRING VALLEY**, on behalf
of itself and all others similarly situated,

               Plaintiff,

     -vs.-

**GRADUATION SOURCE, LLC, GRADUATION
SOLUTIONS LP and JESSE ALEXANDER,**

               Defendants.
_____

7:14 CV 3232 (NSR)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SHOW
CAUSE WHY THIS COURT MAY NOT ENTER AN INDIVIDUAL JUDGMENT IN
BAIS YAAKOV'S FAVOR OVER BAIS YAAKOV'S OBJECTION**

**BELLIN & ASSOCIATES LLC**
By: Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

*Attorneys for Bais Yaakov and the Proposed
Classes*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

INTRODUCTION ...........................................................................................................1

STATEMENT OF FACTS ...............................................................................................1

ARGUMENT

      BECAUSE BAIS YAAKOV HAS NOT BEEN AFFORDED A FAIR
      OPPORTUNITY TO SHOW THAT CLASS CERTIFICATION IS
      WARRANTED, AND BAIS YAAKOV STILL HAS LIVE CLAIMS AGAINST
      GRADUATION SOURCE, THIS COURT MAY NOT ENTER AN
      INDIVIDUAL JUDGMENT IN BAIS YAAKOV'S FAVOR OVER BAIS
      YAAKOV'S OBJECTION…………………………………………………………..3

    A.     Bais Yaakov Has Not Been Afforded A Fair Opportunity to Show that
           Class Certification is Warranted…………………………………………………..3

    B.     Bais Yaakov's Individual Claims in this Case are Still Live……………………..5

          1.     Because It Would Not Only Be Possible, But Necessary for
               This Court to Grant Bais Yaakov Relief in Order for Bais Yaakov
               Obtain the Funds that Graduation Source Deposited Into Court,
               This Case is Still Live Under *Gomez* Notwithstanding That
               Deposit…………………………………………………………………………5

          2.     Bais Yaakov's Claims Are Still Live Because Graduation Source
               Continues to Deny Liability…………………………………………………8

          3.     Bais Yaakov's Claims for Injunctive Relief are Still Live………………10

    C.     This Case Would Still Be live Even If Graduation Source or the Court
           Could Force Bais Yaakov to Accept Complete Individual Relief Because
           Bais Yaakov Would Still Have a Personal Stake in This Case Sufficient to
           Satisfy Article III……………………………………………………………...14

          1.     Bais Yaakov's Has An Article III Interest in Potentially Shifting
               The Attorney's Fees and Expenses It has Incurred to a Class…………...14

          2.     Bais Yaakov Has An Article III Interest in Potentially Obtaining an
               Incentive Award as a Class Representative……………………………...14

3.     Bais Yaakov has a Personal Stake in Obtaining Class Certification Sufficient to Assure that Article III Values are not Undermined………..15

4.     Because Bais Yaakov Filed A Motion for Class Certification with this Court Before Graduation Source Made Any Attempt to Satisfy Bais Yaakov's Individual Claims, This Case Would Still Be Live Regardless of the Whether or Not Graduation Source was Successful in Mooting Bais Yaakov's Individual Claims in the Complaint…………………………………………………………...16

CONCLUSION.....................................................................................................................18

**Cases**

*Alstom Caribe, Inc. v. George P. Reintjes Co.*,
　484 F.3d 106 (1st Cir. 2007) ............................................................6

*Bais Yaakov of Spring Valley v. ACT, Inc.*,
　798 F.3d 46 (1st Cir. 2015), *cert. denied*, 2016 WL 280914 (Jan. 25, 2016) ...............7, 10, 14

*Bais Yaakov of Spring Valley v. Varitronics, LLC*,
　No. 14 cv 5008, 2016 WL 806703 (D. Minn. March 1, 2016) .................................3

*Brady v. Basic Research*,
　No. 2:13 cv 7169, 2016 WL 462916 (E.D.N.Y. Feb. 3, 2016) .................................3

*California v. San Pablo & Tulare R. Co.*,
　149 U.S. 308 (1893) ............................................................9

*Campbell-Ewald Co. v. Gomez*,
　136 S. Ct. 663 (2016) ............................................................ *passim*

*Carroll v. United Compucred Collections, Inc.*,
　399 F.3d 620 (6th Cir. 2005) ............................................................16

*City of New York v. Mickalis Pawn Shop, LLC*,
　645 F.3d 114 (2d Cir. 2011) ............................................................10

*Coleman v. Miller*,
　307 U.S. 433 (1939) ............................................................8

*Converse Inc. v. Reebock Int'l Ltd.*,
　328 F. Supp.2d 166 (D. Mass. 2004) ............................................................11

*Deposit National Bank v. Roper*,
　445 U.S. 326 (1980) ............................................................14, 15

*Dillenback v. The Rossend Castle*,
　30 F. 462 (S.D.N.Y. 1887) ............................................................7

*Espenscheid v. DirectSat USA, LLC*,
　688 F.3d 872 (7th Cir. 2012) ............................................................14

*Friends of the Earth, Inc. v. Laidlaw Environmental Services*,
　528 U.S. 167 (2000) ............................................................13

*In re Fugi, Inc. Securities Litig*,
No. 10 cv 2515, 2016 WL 736649 (S.D.N.Y. Feb. 19, 2016) ..........................................14, 15

*Genesis Healthcare Corp. v. Symczyk*,
133 S. Ct. 1523 (2013) ........................................................................................15, 16, 17

*Gilday v. Dubois*,
124 F.3d 277 (1st Cir. 1997) ..........................................................................................11

*Gomez v. Campbell-Ewald Co.*,
768 F.3d 871 (9th Cir. 2014), *aff'd* 136 S. Ct. 663 (2016) ....................................17

*Holmes v. Pension Plain of Bethlehem Steel Corp.*,
213 F.3d 124 (3rd Cir. 2000) ..........................................................................................17

*Little v. Bowers*,
134 U.S. 547 (1890)...........................................................................................................9

*Lucero v. Bureau of Collection Recovery, Inc.*,
639 F.3d 1239 (10th Cir. 2011) ....................................................................................17

*McReynolds v. Richards-Cantave*,
588 F.3d 790 (2d Cir. 2009)............................................................................................14

*Merrimon v. Unum Life Ins. Co. of America*,
758 F.3d 46 (1st Cir. 2014).............................................................................................8

*Mey v. Frontier Communications Corp.*,
2014 WL 6977746 (D. Conn. Dec. 9, 2014).................................................................17

*New York Public Interest Group, Inc. v. Johnson*,
427 F.3d 172 (2d Cir. 2005)............................................................................................13

*New York Public Interest Research Group v. Whitman*,
321 F.3d 316 (2d Cir. 2003)............................................................................................13

*Parents Involved in Community Schools v. Seattle School District No. 1*,
551 U.S. 701 (2007).........................................................................................................13

*Powell v. National Bd. Of Medical Examiners*,
364 F.3d 79 (2d Cir. 2004)..............................................................................................12

*Pregrine v. Myanmar Ltd. v. Segal*,
89 F.3d 41 (2d Cir. 1996).................................................................................................11

*Primax Recoveries, Inc. v. Sevilla*,
324 F.3d 544 (7th Cir. 2003) .........................................................................................17

*Ring v. Spina*,
148 F.2d 647 (2d Cir. 1945).................................................................12

*Rosetti v. Shalala*,
12 F.3d 1216 (3rd Cir. 1993) ...............................................................16

*S.C. Johnson & Son, Inc. v. Clorox Co.*,
241 F.3d 232 (2d Cir. 2001)................................................................11

*Salter v. Philadelphia Housing Auth.*,
No. 99 cv 1681, 1999 WL 997758 (E.D. Pa. Nov. 2, 1999)...................16

*San Mateo County v. Southern Pac. R. Co.*,
116 U.S. 138 (1885)..............................................................................9

*Schlaud v. Snyder*,
717 F.3d 451 (6th Cir 2013), *vacated on other grounds*, 134 S. Ct. 2899
(2014)...................................................................................................17

*Seidemann v. Bowen*,
499 F.3d 119 (2d Cir. 2007)................................................................13

*Sprint Communications Co. v. APCC Servs., Inc.*,
554 U.S. 269 (2008)...............................................................................8

*Stein v. Buccaneers Ltd. P'ship*,
772 F.3d 698 (11th Cir. 2014) .............................................................17

*United States Parole Comm'n v. Geraghty*,
445 U.S. 388 (1980)..............................................................................15

*United States v. Windsor*,
133 S. Ct. 2675 (2013)............................................................................7

*Vermont Agency of Natural Resources v. United States*,
529 U.S. 765 (2000)...............................................................................8

*Weiss v. Regal Collections*,
385 F.3d 337 (3d Cir. 2004).................................................................17

*Zeidman v. J. Ray Mcdermott & Co.*,
651 F.2d 1030 (5th Cir. 1981) ........................................................16, 17

**Statutes**

28 U.S.C. § 2041.................................................................................6

28 U.S.C. § 2042.................................................................................6

**Other Authorities**

A. Hunt, A Treatise on the Law of Tender, and Bringing Money Into Court § 242 (1903) ....................................................................................................................8

Fed. R. Civ. P. 23 .................................................................................................................17

Fed. R. Civ. P. 26(f) ............................................................................................................2, 4

Fed. R. Civ. P. 54(c) ............................................................................................................12

Fed. R. Civ. P. 65(d) ..........................................................................................................10, 11

Fed. R. Civ. P. 67 ..............................................................................................................3, 6

Fed. R. Civ. P. 67(b) ..........................................................................................................6

Fed R. Civ. P.  68 ..............................................................................................................1

Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2955 & n.25 *(3rd Ed.)* ......................................11

U.S. Const. Art. III..........................................................................................................8, 9, 14, 15

## INTRODUCTION

As per this Court's February 2, 2016 Order, Plaintiff Bais Yaakov of Spring Valley ("Bais Yaakov") submits this memorandum of law in support its motion to show cause why this court may not enter an individual judgment in favor of Bais Yaakov, over Bais Yaakov's objection. Specifically, this Court may not do so based on Defendants Graduation Source, LLC, Graduation Solutions LP and Jesse Alexander's (collectively "Graduation Source") deposit of $9,200 into court and this Court's injunction prohibiting Graduation Source from "sending any facsimiles to Plaintiff that would violate the TCPA or state law to Plaintiff, and from otherwise communicating with Plaintiff in any manner that violates the TCPA."

## STATEMENT OF FACTS

Bais Yaakov filed the instant case against Graduation Source on May 5, 2014, Dkt. No.1, and filed a placeholder class certification motion the next day to try to avoid any attempt by Graduation Source to moot this case through a Rule 68 offer of individual judgement. Dkt. Nos. 4-8. On May 7, 2016, before Bais Yaakov could even serve Graduation Source with the Complaint, this Court, *sua sponte*, denied Bais Yaakov's motion for class certification "without prejudice to renewal until after sufficient discovery has occurred to allow for a 'rigorous analysis' of the requirements for class certification." Dkt. No. 9 (Order of the Court dated May 7, 2014) at 1-2. As is apparent, the Court recognized that, without discovery, Bais Yaakov could not file a proper class certification motion and this Court could not make a proper class certification ruling

Graduation Source only first retained an attorney in this case on September 26, 2014. Dkt 11 (Letter dated September 29, 2014 from Jonathan B. Nelson to the Court) at 1. On September 29, 2014, this Court granted Graduation Source's request for an extension until October 31, 2014

to file its answer, Dkt. No. 29, and on September 30, 2014, the Court scheduled an initial pre-trial conference for November 13, 2014. On November 3, 2014, in response to Graduation Source's request for permission to file a motion to dismiss, the Court changed the initial pre-trial conference to a pre-motion conference. Dkt. No. 16. At the pre-motion conference, which was held on November 19, 2014, the Court granted permission for Graduation Source to file its motion to dismiss, Unnumbered Docket Entry Dated November 19, 2014, and the Court stayed all discovery pending its decision on that motion. The Court denied Graduation Source's motion to dismiss on December 14, 2015, Dkt. No. 58.

Bais Yakov subsequently made a number of attempts to schedule a Rule 26(f) conference with Graduation Source, but counsel for Graduation Source rebuffed them all. In its February 1, 2016 letter to the Court, Bais Yaakov informed the Court about these refusals by Graduation Source to engage in discovery, and requested that the Court order Graduation Source to participate in a Rule 26(f) conference so that discovery could commence. Dkt. No. 61 at 2, 3. The Court did not issue any such order. Instead, on February 2, 2016, the Court, without permitting full briefing on the issue, issued an order granting Graduation Source's letter request to deposit $9,200 into the Court's registry. Dkt. No. 63 at 2. In that same February 2, 2016 order, without giving Bais Yaakov a reasonable time to even respond by letter, the Court granted Graduation Source's request, contained in an after-hours filing on February 1, 2016, for an injunction to be entered against Graduation Source prohibiting Graduation Source from "sending any facsimiles to [Bais Yaakov] that would violate the TCPA or state law to [Bais Yaakov], and from otherwise communicating with [Bais Yaakov] in any manner that violates the TCPA." Dkt. No. 63 at 2. The Court's February 2, 2016 order also gave Bais Yaakov 30 days from the date that Graduation Source deposited $9,200 with the Court to show cause why the Court should not

enter judgment in favor of Bais Yaakov.  *Id.* at 3.

ARGUMENT

**BECAUSE BAIS YAAKOV HAS NOT BEEN AFFORDED A FAIR OPPORTUNITY TO SHOW THAT CLASS CERTIFICATION IS WARRANTED, AND BAIS YAAKOV STILL HAS LIVE CLAIMS AGAINST GRADUATION SOURCE, THIS COURT MAY NOT ENTER AN INDIVIDUAL JUDGMENT IN BAIS YAAKOV'S FAVOR OVER BAIS YAAKOV'S OBJECTION**

    **A.**    **Bais Yaakov Has Not Been Afforded A Fair Opportunity to Show that Class Certification is Warranted**

In the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, (2016)*,* the Supreme Court held that "a would be class representative with a live claim of her own ***must*** be accorded a fair opportunity to show that certification is warranted." *Gomez*, 136 S. Ct. at 672 (emphasis added).  Thus, under *Gomez*, courts may not take actions that could potentially aid a defendant's attempt to moot a purported class representative's individual claims — such as granting a defendant's Rule 67 motion to pay funds into court, or granting a defendant's request for an individual injunction  or entering an individual judgment in favor of the plaintiff over the plaintiff's objection  — before the plaintiff has had a "fair opportunity" to file a class certification motion and have that motion decided upon by the court after sufficient time has been permitted for discovery.  *See id.*; *Bais Yaakov of Spring Valley v. Varitronics, LLC*, No. 14 cv 5008, 2016 WL 806703, *1 (D. Minn. March 1, 2016)(citing *Gomez* and holding that "[as] there is no purpose to the [Rule 67] deposit defendant seeks to make other than to moot the case, and as Plaintiff has not yet had a fair opportunity to show that class certification is warranted . . . the motion [is] [] DENIED.");  *Brady v. Basic Research*, No. 2:13 cv 7169, 2016 WL 462916, *2 (E.D.N.Y. Feb. 3, 2016)("As Defendants' seek Rule 67(a) permission to deposit funds into court to moot this case and not to relieve themselves of the burden of administering an asset, and given the Supreme Court's directive that 'a would-be class representative with a live

3

claim of her own *must be accorded a fair opportunity* to show that certification is warranted,'
*Gomez* at 672 (emphasis added), the Court finds that granting the Defendants' Rule 67(a) Motion
is not warranted.").

Here, it is plain that Bais Yaakov has not been "afforded a fair opportunity to show to
show that certification is warranted." *Gomez*, 136 S. Ct. at 672. As discussed in the Statement
of Facts above, discovery has not even commenced in this case due to the stay issued by the
Court pending the Court's decision on Graduation Source's motion to dismiss, and due to
Graduation Source's refusal to schedule a Rule 26(f) conference despite Bais Yaakov's repeated
attempts to schedule one. In addition, although Bais Yaakov requested the Court to order
Graduation Source to participate in a Rule 26(f) conference so that discovery could commence,
the Court did not issue any such order.

As this Court itself recognized in its May 7, 2014 order denying Graduation Source's
placeholder motion for class certification, without discovery, Bais Yaakov cannot file a proper
class certification motion and this Court cannot rule on one. Dkt. No. 9 at 1-2. Therefore, it is
plain that Bais Yaakov, which, as will be discussed below, still has live claims, has not been
"accorded a fair opportunity to show that certification is warranted," as is required by *Gomez*.
*Gomez*, 136 S. Ct. at 672. Accordingly, *Gomez* prohibits this Court from taking any action now,
such as entering an individual judgment in favor of Bais Yaakov, that could potentially moot
Bais Yaakov's claims before Bais Yaakov been accorded that "fair opportunity to show that class
certification is warranted." *Id.*

### B. Bais Yaakov's Individual Claims in this Case are Still Live

1. **Because It Would Not Only Be Possible, But Necessary for This Court to Grant Bais Yaakov Relief in Order for Bais Yaakov Obtain the Funds that Graduation Source Deposited Into Court, This Case is Still Live Under *Gomez* Notwithstanding That Deposit**

*Gomez* holds that an unaccepted offer of judgment that would have provided individual relief to the named plaintiff in an uncertified class action does not moot the named plaintiff's individual claims and, accordingly, does not prevent him from seeking to represent a class asserting common claims. *Gomez*, 136 S. Ct. at 666, 669–72. *Gomez* rests on the fundamental principle that a case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id*. at 669 (quoting *Knox v. Serv. Employees Int'l Union*, 132 S. Ct. 2277, 2287 (2012)).

An unaccepted offer of judgment, the Court held, does not make it impossible for a court to grant effectual relief because it is has "no continuing efficacy" and thus provides a plaintiff with "no entitlement to … relief." *Id*. at 670. The claim of a plaintiff who has rejected such an offer stands "wholly unsatisfied," *id*. at 672, and the offer accordingly neither deprives him of his "stake in the litigation," *id*. at 671, nor impairs "the court's ability to grant … relief." *Id*. at 670 (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533 (2013)(Kagan, J., dissenting)). Thus, the Court held, "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Id*. at 672.

Graduation Source believes that *Gomez*'s holding does not apply here because Graduation Source thinks that it has gone the defendant in *Gomez* one better by paying money into court in an amount that Graduation Source claims is sufficient to satisfy Bais Yaakov's damage claims. Graduation Source seizes on *Gomez*'s statement that "[w]e need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the

plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id*. at 672. Based on that statement, and on suggestions in the *Gomez* dissents that actual payment might moot a plaintiff's claims, *see id.* at 683 (Roberts, C.J., dissenting); *id*. at 684–85 (Alito, J., dissenting), Graduation Source contends that its "tender" of payment into court succeeds in accomplishing what the offer in *Gomez* failed to do: beheading a proposed class action by depriving the individual plaintiff of a live claim for relief.

Graduation Source's arguments, however, fail to establish that its payment into court meets what *Gomez* held to be the essential precondition for mooting a claim—namely, that it would become "impossible for a court to grant any effectual relief whatever to the prevailing party." *Id*. at 669 (citation omitted). That is because, as this Court's February 2, 2016 Order provides, and as Rule 67 mandates, funds deposited with the Court could only be paid to Bais Yaakov *after* this Court were to issue an order authorizing such a payment. *See* Dkt. No. 63 at 2 ("The Finance Unit shall not pay the funds out to Plaintiff, or its counsel, without the express, written order of the Court[.]"); Fed. R. Civ. P. 67(b) ("Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041, 2042 and any like statute."); 28 U.S.C. § 2042 ("No money deposited in court under section 2041 of this title shall be withdrawn except by order of the court.").

Moreover, "[a] district court does not have carte blanche to dispose of deposited funds as it sees fit. Funds deposited pursuant to Rule 67 are not at the disposal of the Judge but, rather, are held in trust for their rightful owner." *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484

F.3d 106, 114 (1st Cir. 2007).[1]  Here, Bais Yaakov maintains that the money deposited into court by Graduation Source must be held for the benefit of any potential classes that may be certified after this Court rules on Bais Yaakov's complete motion for class certification after discovery. Accordingly, this Court may not simply order such monies to be paid out to Bais Yaakov now, but rather, must give Bais Yaakov a fair opportunity to file a complete class certification motion after appropriate discovery and to have that motion ruled upon by the Court so that the Court may determine the "rightful owner" of the deposited funds before the Court orders distribution of those monies.  *See Gomez*, 136 S. Ct. at 672.

Accordingly, Graduation Source's deposit into Court still leaves Bais Yaakov "emptyhanded" and its claims "wholly unsatisfied."  *Gomez*,  136 S. Ct. at 669.  Far from *preventing* the court from granting effectual relief, Graduation Source's stratagem guarantees that Bais Yaakov will receive no monetary recovery *unless and until the court takes action*.  That a live case remains in such circumstances follows both from *Gomez*'s reasoning and also from the Supreme Court's holding in *United States v. Windsor*, 133 S. Ct. 2675, 2686 (2013), that parties have a concrete stake in a dispute where the defendant will "not disburse [payment] but for the court's order."

---

[1] Along these same lines, courts have long held that "[a] tender and payment into court . . . is a *continuing offer*," *Dillenback v. The Rossend Castle*, 30 F. 462, 464 (S.D.N.Y. 1887)(citing cases).  And, as *Gomez* makes plain, Bais Yaakov is free to reject that offer, and this Court may not force Bais Yaakov to accept it and may not enter a judgment for that relief over Bais Yaakov's objection.  *Gomez*, 136 S. Ct. at 670-672.  *Accord Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 52 (1st Cir. 2015)(holding, in a case of a purported class action, that district courts do not have the power to enter a judgment in favor of the plaintiff for the amount of an unaccepted offer over the plaintiff's objection), *cert. denied*, 2016 WL 280914 (Jan. 25, 2016).

### 2. Bais Yaakov's Claims Are Still Live Because Graduation Source Continues to Deny Liability

Throughout this litigation, Graduation Source has denied all liability and continues to do so. That continued denial dooms Graduation Source's attempt to moot this case through a deposit of funds into Court or through the entry of an injunction against Graduation Source.

In *Gomez,* the Supreme Court recognized that a defendant's continued denial of liability, renders a case sufficiently adverse for Article III purposes. *See Campbell-Ewald*, 136 S. Ct. at 666, 670 (holding that because, among other things, the defendant had continued to deny liability, "adversity between the parties persist[ed]."). Moreover, the Supreme Court has long held "that history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider." *Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269, 274 (2008); *Vermont Agency of Natural Resources v. United States*, 529 U.S. 765, 774-778 (2000)(looking to history of *qui tam* suits in England, the colonies and the United States as proof that a relator had Article III standing to bring such a suit even though he himself had suffered no injury); *Merrimon v. Unum Life Ins. Co. of America*, 758 F.3d 46, 53 (1st Cir. 2014)(looking to common law of trusts to determine whether a plaintiff in an ERISA action had Article III standing). *See also Coleman v. Miller*, 307 U.S. 433, 460 (1939)(Frankfurter, J. concurring)(in crafting Article III "the framers ... gave merely the outlines of what were to them the familiar operations of the English judicial system and its manifestations on this side of the ocean before the Union").

Under the common law, a "defendant who tried to deny liability could not effectuate a tender." *Gomez* at 675 (Thomas, J., concurring); A. Hunt, A Treatise on the Law of Tender, and Bringing Money Into Court § 242 (1903)(under the common law, if a defendant "ma[de] a protest that he was not liable for the full amount of what he tendered," the tender was invalid).

Accordingly, Graduation Source's continued denial of liability in this case renders any attempt by Graduation Source to tender payment to Bais Yaakov by depositing funds into court, ineffective, and this case remains live.

In his dissent in *Gomez*, Chief Justice Roberts contended that "[o]ur precedents plainly establish that an admission of liability is not required for a case to be moot under Article III." *Gomez*, 136 S. Ct. at 682 n.3. However, not a single one of the cases to which Chief Justice Roberts referred concerned a defendant's attempt to moot a plaintiff's purported class action through a deposit into court. For example, in *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308 (1893), the Supreme Court held the case moot because the defendant had deposited the full amount the State of California demanded in a California Bank in the State's name in accord with a state statute that "extinguished" the defendant's tax obligations upon such a payment. *Id.* at 313-314. Here, no such statue exists, and, as noted above, federal law requires an additional order of the court — besides the order permitting a party to deposit funds with the court — before funds paid into court may be disbursed.

In *Little v. Bowers*, 134 U.S. 547 (1890), the Court held that a dispute over state taxes was moot because the plaintiff had voluntarily paid those taxes in toto directly to the state, and the state accepted those payments. *Id.* at 552-556. Similarly, the Court in *San Mateo County v. Southern Pac. R. Co.*, 116 U.S. 138 (1885) held that that case was mooted by the defendants voluntary payment of all taxes due directly to the plaintiff, and the plaintiff's acceptance of those payments . *Id.* at 139-141. Here Graduation Source has deposited funds with the Court, the Court has not ordered those funds disbursed to Bais Yaakov and Bais Yaakov has not previously accepted and will not accept any payments until after this Court has "afforded [Bais Yaakov] a fair opportunity to show to show that certification is warranted." *Gomez*, 136 S. Ct. at 672.

### 3.    Bais Yaakov's Claims for Injunctive Relief are Still Live

Bais Yaakov's Complaint specifically demands injunctive relief as one of the remedies for Graduation Source's violations of the TCPA. Dkt. No. 1 ("Complaint"), ¶¶ 35, 44-46, Prayer for Relief ¶ D.  Graduation Source's deposit of funds into court plainly does not satisfy that demand.

In its February 1, 2016 letter this Court, Graduation Source appears to argue that because it (1) has "already made two offers of judgment in which [it] agreed that [it] would be enjoined from sending any facsimiles to Plaintiff that would violate the TCPA or state law to Plaintiff [sic], and from otherwise communicating with Plaintiff in any manner that violates the TCPA"; and (2) still consents to such injunctive relief being entered against it, that Bais Yaakov's claims for injunctive relief are now moot.  Dkt. 62 at 2.  However, those assertions are merely a repetition of Graduation Source's previous *offers* of injunctive relief, and, it is clear under *Gomez*, that Bais Yaakov is free to reject that offer and that this Court may not force Bais Yaakov to accept it or enter a judgment for that relief over Bais Yaakov's objection. *Campbell-Ewald*, 136 S. Ct. at 670-672. *Accord Bais Yaakov*, 798 F.3d at 52 (holding in the context of a putative class action that a district court does not have the power to enter a judgment in favor of the putative class plaintiff over the plaintiff's objection).

Nor does this Court's February 2, 2016 order prohibiting Graduation Source from "sending any facsimiles to Plaintiff that would violate the TCPA or state law to Plaintiff, and from otherwise communicating with Plaintiff in any manner that violates the TCPA,"  Dkt. No. 63 at 2, moot Bais Yaakov's claims for injunctive relief.  That is because the Court's injunction is an "obey-the-law" injunction which the Second Circuit has repeatedly held fails to satisfy the specificity requirement for injunctions under Fed. R. Civ. P. 65(d). *See, e.g., City of New York v.*

*Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011)("[T]o comply with Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." [internal quotation marks omitted] ); *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-241 (2d Cir. 2001)(same); *Pregrine v. Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)(same); Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2955 & n.25 *(3ʳᵈ Ed.)* (citing cases and stating that "orders simply requiring defendants to 'obey the law' are found uniformly to violate the specificity requirement [of Rule 65(d)].") .

Indeed, because Graduation Source continues to deny that it violated the TCPA by sending the fax advertisements to Bais Yaakov that are described in, and attached to the Complaint, it follows that the obey-the-law injunction that this Court issued could not be enforced so as to prohibit Graduation Source from again sending Bais Yaakov those very same fax advertisements.  *See Converse Inc. v. Reebock Int'l Ltd.*, 328 F. Supp.2d 166, 178 (D. Mass. 2004)(because the defendant had never admitted to violating the statute in the underlying case that led to the potion of the consent decree that merely ordered the defendant to "obey-the-law," that portion of the consent decree was "unenforceable due to noncompliance with the specificity mandates of Rule 65(d).").  Accordingly, the Court's injunction is not "effective" injunctive relief .

Furthermore, because an "obey-the-law" injunction merely mandates that Graduation Source obey laws that it is already required to obey, such an injunction is "illusory" and does not provide Bais Yaakov with any meaningful relief.  *See Gilday v. Dubois*, 124 F.3d 277, 287 (1st Cir. 1997)(an obey-the-law injunction is "illusory [because it] stat[es] nothing beyond what was already forbidden by the law. . . .").  Accordingly, this Court's obey the law injunction does not moot Bais Yaakov's claims for injunctive relief.

Any argument by Graduation Source that this Court was correct in ordering the obey-the-law injunction because that is what Bais Yaakov requested in its Complaint would lack merit. First of all, Bais Yaakov actually requested a more specific injunction, i.e., "an injunction against Defendants prohibiting them from committing further violations of the TCPA and regulations *described* [in the Complaint]." Moreover, Bais Yaakov could not have requested an even more specific injunction in its prayer for relief because it did not have the benefit of any ruling by this Court regarding the specific conduct of Graduation Source that this Court found violated the TCPA.

In any event, Fed. R. Civ. P. 54(c) provides that, other than a default judgment, "[a] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). *See Powell v. National Bd. Of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)(citing Fed. R. Civ. P. 54(c) and holding that the defendants were not prejudiced by the plaintiff's request for injunctive relief that the plaintiff had not requested in her complaint); *Ring v. Spina*, 148 F.2d 647, 653 (2d Cir. 1945) ("[A] plaintiff is entitled to . . . rely on the court to award him such relief as his case deserves [] and at trial he will not be bound by his prayers."). Thus, regardless of the injunctive relief Bais Yaakov requested in its Complaint, Bias Yaakov is not limited to that injunctive relief and is also entitled to an injunction that states with specificity the exact conduct in which Graduation Source is prohibited to engage. The Court's obey-the-law injunction simply does not do that.

Even if Graduation Source were to argue that it has stopped sending fax advertisements to Bais Yaakov, that would be insufficient to moot Bais Yaakov's claims for individual injunctive relief. That is because the Supreme Court has repeatedly made clear that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its

power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant. . .free to return to his old ways." *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 189 (2000)(internal quotation marks, citations and brackets omitted). "[T]he standard. . .for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Id.*(internal quotation marks, citations and brackets omitted).

Here, Graduation Source continues to "vigorously defend" the legality of its fax advertising program, continues to deny liability, "and nowhere even suggests that if this litigation is resolved in its favor" it will not continue to send fax advertisements to Bais Yaakov and to other persons throughout the United States. *Parents Involved in Community Schools v. Seattle School District No. 1*, 551 U.S. 701, 719 (2007). Therefore, Bais Yaakov's claim for injunctive relief, even on an individual level, is still very much alive. *Id.* (holding that because, among other things, the defendant continued to defend the legality of its actions, the defendant had not carried it "heavy burden" to show that its behavior could not recur); *Seidemann v. Bowen*, 499 F.3d 119, 128-129 (2d Cir. 2007)(holding claim still live when defendant did not meet its "heavy burden" to prove that its behavior could not be expected to recur); *New York Public Interest Group, Inc. v. Johnson*, 427 F.3d 172, 185 (2d Cir. 2005)(same); *New York Public Interest Research Group v. Whitman*, 321 F.3d 316, 327 (2d Cir. 2003)(same).

C.    **This Case Would Still Be live Even If Graduation Source or the Court Could Force Bais Yaakov to Accept Complete individual Relief Because Bais Yaakov Would Still Have a Personal Stake in This Case Sufficient to Satisfy Article III**

1.    **Bais Yaakov's Has An Article III Interest in Potentially Shifting the Attorney's Fees and Expenses It has Incurred to a Class**

This case would still be live even if this Court or Graduation Source could force Bais Yaakov to accept complete individual relief in full satisfaction of Bais Yaakov's individual causes of action.  That is because Bais Yaakov would still have an Article III interest in the potential ability to shift attorney fees and expenses it has incurred to the class.  *See Deposit National Bank v. Roper*, 445 U.S. 326, 334 n.6 (1980); *Bais Yaakov*, 798 F.3d at 49-50 & n.2,  n.5 (holding that *Roper* is still good law on this point until the Supreme Court decides otherwise, and that *Roper's* reasoning applies even where no class certification motion has been made by the putative class plaintiff or decided by the court because "*Roper* gave no indication that [that] matters to the inquiry of whether an *individual* interest is preserved through a plaintiff's continuing economic interest in class certification and litigation.").

2.    **Bais Yaakov Has An Article III Interest in Potentially Obtaining an Incentive Award as a Class Representative**

Regardless of any alleged satisfaction by Graduation Source of Bais Yaakov's individual causes of action, Bais Yaakov would also still have an Article III in interest in a possible incentive award for its efforts on behalf of the class.  *See Espenscheid  v. DirectSat USA, LLC*, 688 F.3d 872, 874–75 (7th Cir. 2012).  Courts in the Second Circuit routinely approve of incentive awards for class plaintiffs.  *See, e.g., McReynolds v. Richards-Cantave*, 588 F.3d 790, 804-805 (2d Cir. 2009)(affirming incentive awards to class plaintiffs); *In re Fugi, Inc. Securities Litig*,  No. 10 cv 2515, 2016 WL 736649, * 10 (S.D.N.Y. Feb. 19, 2016)("Incentive awards are not uncommon in class action cases and are within the discretion of the court.")  And, incentive awards are meant

14

to reimburse class plaintiffs for, among other things, their time and effort in prosecuting claims on behalf of the class.  *See id.*  As such they of the same nature as attorney's fees, and the logic of *Roper* applies equally to incentive awards with regard to Article III standing.  Accordingly, even if all of Bais Yaakov's individual claims in the Complaint were to be satisfied, Bais Yaakov would still have an Article III interest in obtaining an incentive award and this case could not be dismissed as moot.

### 3. Bais Yaakov has a Personal Stake in Obtaining Class Certification Sufficient to Assure that Article III Values are not Undermined.

Even if Graduation Source could moot Bais Yaakov's individual causes of action, this case would still be live because the Supreme Court has long held that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim. . . . [Rather,] [t]he proposed representative retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402–404 (1980).

Indeed, while Justice Kagan explained in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), that "a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory," she added that "the court may not take that tack when the supposed capitulation in fact fails to give the plaintiff all the law authorizes and she has sought. And a judgment satisfying an individual claim does not give a plaintiff . . . 'all that [she] has ... requested in the complaint (*i.e.,* relief for the class).' *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 341 (1980) (Rehnquist, J., concurring). . . . [In a] class action [] a court [may not], prior to certification, eliminate the entire suit by acceding to a defendant's

proposal to make only the named plaintiff whole." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. at 1536 (Kagan, J., dissenting).

Accordingly, even if Graduation Source could moot Bais Yaakov's individual causes of action, this case would still be live.

> **4.** **Because Bais Yaakov Filed A Motion for Class Certification with this Court Before Graduation Source Made Any Attempt to Satisfy Bais Yaakov's Individual Claims, This Case Would Still Be Live Regardless of the Whether or Not Graduation Source was Successful in Mooting Bais Yaakov's Individual Claims in the Complaint**

As discussed above, Bais Yaakov filed its placeholder motion for class certification on May 6, 2014. Although this Court "denied" that motion without prejudice to renew it after sufficient discovery had been taken, the class certification is still considered "pending." *See Rosetti v. Shalala*, 12 F.3d 1216, 1232 (3rd Cir. 1993) (motion or class certification held to be pending at the time that the plaintiff's individual claims became moot because the plaintiff's motion for class certification had been previously denied "for purely administrative reasons" without prejudice to renew); *Zeidman v. J. Ray Mcdermott & Co.*, 651 F.2d 1030, 1032, 1037 (5th Cir. 1981) (motion for class certification that the trial court had had denied "without prejudice to reassert" held to be pending when the defendant subsequently claimed to have mooted the plaintiff's case by tendering the full amount of the plaintiff's individual claims); *Salter v. Philadelphia Housing Auth.*, No. 99 cv 1681, 1999 WL 997758, *4-*5 (E.D. Pa. Nov. 2, 1999)(previous motion for class certification motion or class certification that had denied that motion without prejudice to renew held to be pending at the time that the plaintiff's individual claims became moot). Accordingly, even if Graduation Source's attempt to satisfy Bais Yaakov's individual claims were successful, this case could not be dismissed as moot. *See, e.g., Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624-625 (6th Cir. 2005)(because

the plaintiff's motion for class certification was pending at the time the defendant mooted the plaintiff's individual claims, the case was still live); *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-547 (7ᵗʰ Cir. 2003)(same); *Holmes v. Pension Plain of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3ʳᵈ Cir. 2000)(same); *Zeidman*, 651 F.2d at 1051 (same).

Even if Bais Yaakov's class certification motion were not still pending, Bais Yaakov's case would also still be live because Bais Yaakov would still be permitted to pursue its class claims without undue delay under the "relation-back" doctrine applied by the Third, Ninth, Tenth, and Eleventh Circuits.   *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014), *aff'd* 136 S. Ct. 663 (2016); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704–05 (11th Cir. 2014); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); W*eiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). The Supreme Court left all these decisions undisturbed in *Gomez* 136 S. Ct. at 668.[2]

---

[2] Any reliance on *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) for the proposition that "relation back" is no longer a viable theory in the class certification context would be misplaced. That is because as Genesis itself and numerous courts since Genesis have recognized "[Geneisis] does not involve class certification under Rule 23 which is 'fundamentally different from collective actions under the FLSA[,]'" and Genesis is therefore inapposite. *Schlaud v. Snyder*, 717 F.3d 451, 456 n.3 (6th Cir 2013)(quoting *Genesis*, 133 S. Ct. at 1529-1530), *vacated on other grounds*, 134 S. Ct. 2899 (2014)). Accord, e.g., *Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698, 708-709 (11th Cir. 2014)(distinguishing Genesis on this basis); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014)(same), *aff'd* 136 S. Ct. 663 (2016) ; *Mey v. Frontier Communications Corp.*, 2014 WL 6977746, *1, *4 (D. Conn. Dec. 9, 2014)(same).

## CONCLUSION

Because Bais Yaakov still has live claims and Bais Yaakov has not been "afforded a fair opportunity to show to show that certification is warranted," *Gomez*, 136 S. Ct. at 672, this Court, respectfully, may not enter an individual judgment in favor of Bais Yaakov over Bais Yaakov's objection.

Dated: White Plains, New York
   March 4, 2016

        Respectfully submitted,

        **BELLIN & ASSOCIATES LLC**


        /s/ Aytan Y. Bellin
        By: Aytan Y. Bellin, Esq.
        50 Main Street, Suite 1000
        White Plains, New York 10606
        Tel: (914) 358-5345
        Fax: (212) 571-0284
        E-mail: aytan.bellin@bellinlaw.com

        *Attorneys for Bais Yaakov and the Proposed*
         *Classes*