```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BAIS YAAKOV OF SPRING VALLEY, on
behalf of itself and all others similarly situated,

                              Plaintiff,

  -against-

GRADUATION SOURCE, LLC, GRADUATION
SOLUTIONS, LP and JESSE ALEXANDER,

                              Defendants.
------------------------------------------------------------X

14-cv-3232 (NSR)

MEMORANDUM OPINION
& ORDER

NELSON S. ROMÁN, United States District Judge

      By letters dated January 26, 2016 and February 1, 2016, (Docket Nos. 60, 62), Defendants requested that this Court issue an order directing the Court's Finance Unit to accept payment of $9,200.00 into the Court's registry for the benefit of Plaintiff, and upon proof of payment, to enter judgment in favor of Plaintiff. Defendants also requested that the Order enjoin Defendants from violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The Court granted Defendants' request in part, permitting Defendants to deposit their payment into the Court's Finance Unit and issuing the requested injunction, but declined to enter judgment in favor of Plaintiff. (Docket No. 63.) The Court provided Plaintiff with 30 days to show cause as to why the Court should not enter judgment. (*Id.*)

      Plaintiff now opposes the Court's entry of judgment in its favor. (Docket Nos. 65-66.) For the following reasons, the Court VACATES the Order entered on February 2, 2016, (Docket No. 63), and declines to enter judgment in favor of Plaintiff.

      In *Campbell-Ewald Company v. Gomez*, 136 S.Ct. 663 (2016), the Supreme Court held that "an unaccepted settlement offer or offer of judgment does not moot a plaintiffs case," *id.* at

672, but left open the question of whether "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* The Court made clear, however, that "a would-be class representative with a live claim of her own *must* be accorded a fair opportunity to show that certification is warranted." *Id.* (emphasis added).

Although Defendants sought to avail themselves of the hypothetical proposed in *Campbell-Ewald* by depositing the full amount of statutory damages into the Court's Finance Unit and assenting to the injunctive relief requested by Plaintiff in its Complaint, Plaintiff's individual claims remain live – this Court has not entered judgment in favor of Plaintiff and has not, by "express, written order" released the funds to Plaintiff. (*See* Docket No. 63.) *See also* Fed. R. Civ. P. 67 ("Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§2041 and 2042 and any like statute."); 28 U.S.C. § 2042 ("No money deposited under section 2041 of this title shall be withdrawn except by order of court.")

With a live claim remaining, this Court is bound by *Campbell-Ewald* to afford Plaintiff a fair opportunity to show that class certification is warranted.[1] Nevertheless, to the extent that Plaintiff's Complaint survives Defendants' pending motion to dismiss, (Docket No. 32), and after discovery Plaintiff fails to certify a class, Defendants may renew their request to issue judgment in favor of Plaintiff based upon a complete offer of relief.

Accordingly, the Court VACATES the Order at ECF No. 63 and respectfully directs the Clerk to terminate the motion at ECF No. 65.

---

[1] The Court's previous denial of Plaintiff's motion for class certification was made "without prejudice to renewal after sufficient discovery has occurred," and thus did not provide Plaintiff with a "fair opportunity" to show that certification is warranted.

2

Dated: March 7, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge